PEOPLE v JOHNSON

Docket No. 69553. Submitted January 17, 1984, at Detroit.—Decided
April 30, 1984. Leave to appeal denied, 419 Mich —.

Charlotte Johnson was charged with being in possession of a
concealed pistol, namely, a 12-gauge Olin flare gun. She waived
preliminary examination and the Recorder's Court of Detroit,
Donald L. Hobson, J., granted her motion to quash the informa-
tion, holding that the flare gun was not a pistol. The people
appealed by leave granted. *Held:*

There was no evidence that the flare gun was designed or
used as a weapon. Therefore it was not a firearm and, conse-
quently, not a pistol.

Affirmed.

WEAPONS — FLARE GUNS — CONCEALED WEAPONS.

A weapon is anything used or designed to be used in destroying,
defeating or injuring an enemy; a 12-gauge flare gun is not a
weapon for purposes of the concealed weapons statute in the
absence of evidence that the flare gun was designed or used
(either actually or for the purpose of making a threat) as a
weapon (MCL 750.227; MSA 28.424).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Frank J. Ber-
nacki,* Assistant Prosecuting Attorney, for the peo-
ple.

*Jerrold B. Sherman,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
79 Am Jur 2d, Weapons and Firearms §§ 1, 2, 8 *et seq.*
Offense of carrying concealed weapon as affected by manner of
carrying or place of concealment. 43 ALR2d 492.

Before: Shepherd, P.J., and R. M. Maher and M. Warshawsky,* JJ.

M. Warshawsky, J. Defendant was charged with carrying a concealed weapon, MCL 750.227; MSA 28.424. The alleged weapon was described in the information as a "pistol, to-wit: a 12-gauge Olin flare gun", which is apparently a type of signaling device. The flare gun was loaded with one live flare at the time defendant was arrested. Defendant waived the preliminary examination and subsequently filed a motion to quash the information. The trial court granted the motion finding that the flare gun was not a pistol within the meaning of § 227. The prosecutor appeals.[1]

The statute under which defendant was charged provides in pertinent part as follows:

"[A] person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in a vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to carry the pistol as provided by law or if licensed, carrying in a place or manner inconsistent with any restrictions upon such license, shall be quilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than $2,500.00."

The precise issue raised in this case was considered by the Attorney General in OAG, 1981-1982, No 5958, p 317 (August 14, 1981):

"I am writing in response to your request for my

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The prosecutor's claim that defendant's waiver of the preliminary examination precluded her from raising this legal issue in the trial court is not supported by any applicable authority or rationale. We will not consider it further.

opinion regarding the applicability of state firearm laws to the 'Olin' 12-gauge flare launcher. Specifically, you have asked whether this device is a 'firearm' under Michigan law and therefore subject to the purchase, inspection and carrying restrictions which apply to the more conventional firearms of similar size and character.

"The term 'firearm' is defined by the Legislature in RS 1846, c 1, § 3t, MCL 8.35 [sic, 8.3t]; MSA 2.212(20) which provides in pertient [sic] part:

" 'The word "firearm", except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion * * * .'

Since the term 'firearm' is not 'otherwise specifically defined' in the pertinent firearms statute, the above definition is controlling for purposes of this opinion.

"The aerial flare launcher you describe is clearly capable of propelling a dangerous projectile by one of the methods of propulsion specified in RS 1846, c 1, § 3t, *supra.* Indeed, at the request of State Representative Patrick L. Harrington, the Department of State Police tested the specific device to which you refer. Those tests (Appendix A) reveal that the device is quite capable of inflicting injury if used against the person of another. In fact, by reinforcing the barrel, the device was capable of firing a modified 12-gauge shotgun shell.

"1927 PA 372, § 1(a), MCL 28.421(a); MSA 28.91 defines the term 'pistol' to mean 'any firearm, loaded or unloaded, 30 inches or less in length, or any firearm, loaded or unloaded, which by its construction and appearance conceals it as a firearm.' [See also MCL 750.222(a); MSA 28.419(a).] Having concluded the Olin 12-gauge launcher is a firearm and it being clearly less than 30 inches in length, it follows the device is a 'pistol'.

"As a pistol, the device is subject to the licensing restrictions applicable to handguns. * * *

* * *

"This may represent overregulation of flare guns but

any changes to the controlling statutes must be ordered by the Legislature.

"It is my opinion, therefore, that this device is a 'firearm' and as a 'pistol', is subject to the purchase, inspection and carrying restrictions contained in State law."

We do not agree with the Attorney General's analysis. The term "firearm" is defined in MCL 8.3t; MSA 2.212(20), as "*any weapon* from which a dangerous projectile may be propelled". (Emphasis supplied.) "Weapon" may be defined as "[a]nything used or designed to be used in destroying, defeating, or injuring an enemy; an instrument of offensive or defensive combat". Ballentine's Law Dictionary, 3d ed. There is no indication that the flare gun in this case was designed for such purpose or that defendant used or intended to use it for such purpose.

Certainly any device from which a dangerous projectile may be propelled is capable of inflicting injury and, in that sense, is capable of being used as a weapon. Had the Legislature intended to include all such devices within the definition of firearm, it would have been unnecessary to include the phrase "any weapon". In order to give effect to every word of the statute, we find that to constitute a firearm within § 8.3t, the device must be designed or used (either actually or for the purpose of making a threat) as a weapon. Since no such evidence is before us, we hold that the flare gun possessed by defendant in this case is not a firearm and is therefore not a pistol within § 227.

This conclusion is supported by 1982 PA 185, MCL 750.231c; MSA 28.428(3), enacted subsequent to the Attorney General's opinion cited above. Section 231c is a specific statute regulating the sale, possession, and use of "approved signaling devices" and providing that § 227 and related stat-

utes do not apply to such devices.[2] It provides in pertinent part:

"(1) As used in this section:

* * *

"(b) 'Approved signaling device' means a pistol which is a signaling device approved by the United States coast guard pursuant to regulations issued under section 4488 of the Revised Statutes of the United States, 46 U.S.C. 481, or under section 5 of the federal boat safety act of 1971, Public Law 92-75, 46 U.S.C. 1454.[3]

* * *

"(2) Sections 223, 227, 228, 232, 232a and 237 shall not apply to an approved signaling device."

Section 231c sets forth specific circumstances under which signaling devices may be sold, possessed, and used, and makes violation of the statute a misdemeanor. Although § 231c did not become effective until June 17, 1982, twelve days after the charged offense occurred, we believe it is indicative of the Legislature's intent that flare guns not be regulated under the general weapons statutes.[4]

The order quashing the information is affirmed.

---

[2] See also 1982 PA 182, MCL 28.432b; MSA 28.98(2), effective June 17, 1982, providing that MCL 28.422; MSA 28.92, and MCL 28.429; MSA 28.97, do not apply to approved signaling devices.

[3] The pertinent federal statutes are now contained in Subtitle II, Vessels & Seamen, of Title 46, Shipping, recodified as 46 USC 2101(34), 2106, 3306, 3318, and 4302. The pertinent regulations are in 46 CFR 160.001-1 et seq.

[4] Had the alleged offense occurred after the effective date of MCL 750.231c; MSA 28.428(3), we would find it necessary to remand for a determination of whether the flare gun possessed by defendant is an approved signaling device within § 231c(1)(b).