19 P.3d 626

### In re ROBERT A.

### No. 1 CA–JV 00–0092.

Court of Appeals of Arizona, Division 1, Department E.

March 8, 2001.

---

James Haas, Maricopa County Special Assistant by Joel Martin Glynn, Deputy Public Defender, Phoenix, Attorneys for Appellant.

Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellee.

## OPINION

GERBER, Judge.

¶ 1 The juvenile, Robert A., appeals his adjudication as a delinquent for disorderly conduct with a deadly weapon, a class 6 felony, and misconduct with a weapon, a class 1 misdemeanor. Robert argues that the juvenile court erred both in finding a flare gun to be a deadly weapon as a matter of law and, secondly, in finding sufficient evidence to support the adjudication of delinquency.

## I. Factual and Procedural History

¶ 2 While at a football game on school property, Robert fired a flare gun into the sky to celebrate a touchdown scored by his high school team. Off-duty police officer Shough ("Shough") saw the flare as it traversed the sky, merged with the school's fireworks, and then burned out. When he questioned Robert about the flare, Robert admitted firing the flare gun and surrendered it to Shough.

¶ 3 The state filed a two-count delinquency petition against Robert alleging misconduct with a deadly weapon and disorderly conduct. The juvenile court found that "a flare gun is a deadly weapon under the Arizona Revised Statutes" and adjudicated Robert delinquent on both counts. At a disposition hearing, the court ordered Robert to complete sixteen hours of community service and left open the designation of his offenses until his eighteenth birthday.

## II. Standard of Review

¶ 4 We deferentially review questions of fact but review questions of statutory interpretation and legal determinations *de novo*. *See Arizona Dep't of Econ. Sec. v. Ciana H.*, 191 Ariz. 339, 341–2, ¶ 11, 955 P.2d 977, 979–80 (App.1998); *see also Meryl R. v. Arizona Dep't of Econ. Sec.*, 196 Ariz. 24, 25, ¶ 4, 992 P.2d 616, 617 (App.1999). Our task is not to evaluate the wisdom of school discipline but rather to review the court record to determine if sufficient evidence exists to support these adjudications.

## III. Discussion

### A. A flare gun is not a deadly weapon as a matter of law.

¶ 5 Our statutes define deadly weapon as "anything designed for lethal use. The term includes a firearm." Ariz.Rev.Stat. Ann. ("A.R.S.") §§ 13–105(13) (Supp.1999) and 13–3101(1) (Supp.1999). At the hearing an expert testified that the flare gun was not designed for nor could it be modified for lethal use.

¶ 6 The juvenile court nonetheless found that a flare gun is a firearm and therefore a deadly weapon. Our statutes define a firearm as "any loaded or unloaded handgun, pistol, revolver, rifle, shotgun or other weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive...." A.R.S. §§ 13–105(17) and 13–3101(4). Because this definition omits mention of a flare gun, such an item must be an "other weapon" to be a firearm. "Weapon" is not defined by any Arizona statute or case. At the hearing, expert testimony established that a flare gun is not defined as a weapon under federal regulations nor is it required to bear an engraved serial number as is a firearm.

¶ 7 Black's Law Dictionary defines a weapon as "[a]n instrument used or designed to be used to injure or kill someone." BLACK'S LAW DICTIONARY 1587 (7th ed.1999). No evidence in this record indicates that this flare gun was designed to be used to injure or kill someone or that Robert used it with such an intention.

¶ 8 We also look to statutes on the same subject matter to determine legislative intent and to maintain statutory harmony. *See Goulder v. Arizona Dep't of Transp.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993). That a flare gun is not a weapon as a matter of law is supported by A.R.S. section 13–3101(7) that specifically excludes from the definition of "prohibited weapon" "propellant actuated devices ... commercially manufactured primarily for the purpose of illumination...." A flare is such a device, a finding supported by the decisions of other states. *See State v. Rackle*, 55 Haw. 531, 523 P.2d 299, 303 (1974) (a flare gun is an emergency signal device, not a weapon); *see also People v. Johnson*, 134 Mich.App. 303, 351 N.W.2d 875, 877 (1984) (a flare gun is not a firearm); *see also Coleman v. State*, 506 P.2d 558, 560–61 (Okla.Crim.App.1972) (flare gun excluded from the definition of firearm).

¶ 9 For the foregoing reasons, the juvenile court erred in concluding as a matter of law that a flare gun is a deadly weapon, and hence the weapons charge against Robert is unsupported.

### B. Insufficient evidence for a finding of disorderly conduct.

¶ 10 Robert next argues that the state presented inadequate evidence to support his

adjudication of disorderly conduct. Although a flare gun is not a deadly weapon, the state could also satisfy the statute by showing that the manner of its use made the flare a "dangerous instrument" and that Robert acted with the required culpable mental states for disorderly conduct. For reasons that follow, the evidence is insufficient on both scores.

### 1. Insufficient evidence that the flare gun was used as a dangerous instrument.

¶ 11 Whether a flare gun is a dangerous instrument requires proof that it was "readily capable of causing death or serious physical injury" under the "circumstances in which it is used." A.R.S. § 13–105(11). In this event the state needed to show that Robert's use of the flare gun, under the circumstances of its use, rendered it a dangerous instrument as defined above. *See State v. Bustamonte*, 122 Ariz. 105, 107, 593 P.2d 659, 661 (1979). No such evidence or finding exists here.

¶ 12 The record indicates that Robert test-fired the flare gun over a lake before firing it during the football game. In both instances he fired it in the manner for which it was designed. The state presented no evidence that this flare gun or the circumstances of Robert's use of it made it capable of causing death or serious injury. We conclude that the flare gun was not shown to be a dangerous instrument.

### 2. Insufficient evidence of the required mental states.

¶ 13 A further deficiency of evidence exists regarding mental states. A conviction of disorderly conduct requires proof of two mental states: (1) intent or knowledge of disturbing the peace, and (2) recklessly discharging a deadly weapon or dangerous instrument. A.R.S. § 13–2904 (Supp.1999). The juvenile court seemingly assumed the existence of these mental states. This court is not constrained by such legal conclusions in questions of mixed law and fact. *Huskie v. Ames Bros. Motor & Supply Co., Inc.*, 139 Ariz. 396, 401, 678 P.2d 977, 982 (App.1984).

¶ 14 Mental states cannot be assumed. In a charge such as this the state must prove mental states in addition to Robert's conduct. *See State v. Huffman*, 137 Ariz. 300, 303, 670 P.2d 405, 408 (App.1983) (mental state must be shown in addition to dangerousness). Evidence of mental states is critical to support a disorderly conduct adjudication involving a dangerous instrument because, unlike use of a deadly weapon, use of a dangerous instrument is ambiguous without proof of mental state. Arizona Revised Statutes section 13–2904 requires proof that Robert acted "recklessly." Recklessness requires proof that he was aware of a substantial and unjustifiable risk that discharging the flare gun would disturb a person's peace and that he consciously disregarded this risk. *See id.; see also* A.R.S. § 13–2904. The state must also prove that such a risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. *See Huffman*, 137 Ariz. at 303, 670 P.2d at 408. No such evidence exists here.

¶ 15 The state also failed to prove any mental state showing that Robert acted intentionally, knowingly, or recklessly in firing it during the touchdown celebration. Robert testified that he tested the flare gun at a lake before using it at the game, selected a firing spot away from spectators, and he fired it into the sky simultaneously with school fireworks. This testimony was uncontroverted. The only mental state evidence in the record therefore supports Robert's argument that he neither intended, knew of nor disregarded the risk that firing the flare gun might disturb the peace of persons viewing the fireworks.

¶ 16 We find insufficient evidence that Robert's use of the flare made it a dangerous instrument or that the state proved either mental state required by A.R.S. section 13–2904 to support the adjudication of disorderly conduct.

### IV. Conclusion

¶ 17 We conclude that the juvenile court erred in finding that a flare gun is a deadly weapon as a matter of law and we also find insufficient evidence to support the finding of

disorderly conduct. Accordingly we vacate the findings of delinquency on both charges.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, REBECCA WHITE BERCH, Judge.