NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE LOGAN E.

No. 1 CA-JV 21-0252
FILED 3-22-2022

---

Appeal from the Superior Court in Maricopa County
No. JV206251
The Honorable Genene Dyer, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Phoenix
By Alicia Merschen-Perez
*Counsel for Appellant Logan E.*

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

_____

**M O R S E**, Judge:

¶1            Logan E. appeals from his delinquency adjudication on a felony charge of aggravated assault.  The juvenile court placed Logan on probation for one year and ordered him to pay restitution.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            In May 2020, while quarreling over a phone charger, Logan punched WB several times in the face and broke WB's nose.  The State filed a petition alleging that Logan was delinquent for committing aggravated assault.

¶3            Five witnesses testified at an adjudication hearing held in May 2021.  During his testimony, WB acknowledged he had attempted to pull Logan's hand off the phone charger but testified that "out of nowhere" and in "a raging spike of aggression," Logan punched him three times in the face and then "screamed fight me, fight me."  WB also testified he did not punch or elbow Logan, but other witnesses said that WB elbowed Logan and was bending Logan's fingers significantly backwards before Logan punched him in the face.

¶4            After closing arguments, the juvenile court found "that the State has prove[d] beyond a reasonable doubt that the juvenile committed the offense of aggravated assault" and adjudicated Logan delinquent.  The court later placed him on probation and ordered him to pay restitution.  Logan timely appealed and we have jurisdiction under A.R.S. §§ 8-235(A) and 12-120.21(A)(1).

### DISCUSSION

¶5            On appeal, Logan argues that the State failed to introduce sufficient evidence to sustain a finding of delinquency.  In reviewing the juvenile court's adjudication of delinquency, we examine "whether the evidence before the court 'existed in sufficient quantity so that any rational

trier of fact' could find beyond a reasonable doubt that the juvenile had committed the offense." *In re Jessi W.*, 214 Ariz. 334, 336, ¶ 11 (App. 2007) (quoting *In re William G.*, 192 Ariz. 208, 212 (App. 1997)). In doing so, "we review the evidence and resolve all reasonable inferences in the light most favorable to upholding its judgment." *Id.* And "[w]e will not re-weigh the evidence, and we will only reverse . . . when there is a complete absence of probative facts to support a judgment or when a judgment is clearly contrary to any substantial evidence." *In re Kyle M.*, 200 Ariz. 447, 448-49, ¶ 6 (App. 2001).

## I.  Recklessness.

**¶6**        Logan argues the State presented insufficient evidence at the adjudication hearing to prove he acted recklessly.

**¶7**        Under Arizona law, a person commits assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person." A.R.S. § 13-1203(A)(1). "If the person commits the assault by any means of force that causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part or a fracture of any body part" then it constitutes aggravated assault. A.R.S. § 13-1204(A)(3). Accordingly, to establish delinquency based on aggravated assault, the State had to prove that Logan acted, at least, recklessly. *See* A.R.S. § 13-1203(A)(1), -1204(A)(3); *In re Robert A.*, 199 Ariz. 485, 488, ¶ 14 (App. 2001) ("Mental states cannot be assumed.").

**¶8**        Reckless means "a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur" and the risk "must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." A.R.S. § 13-105(10)(c). "[A]bsent a person's outright admission regarding his state of mind, his mental state must necessarily be ascertained by inference from all relevant surrounding circumstances," including the allegedly reckless conduct itself. *William G.*, 192 Ariz. at 213. The "deviation from acceptable behavior required for recklessness must be markedly greater than the mere inadvertence or heedlessness sufficient for civil negligence." *Id.* at 215.

**¶9**        Logan argues that he was "clearly unaware of the substantial risk of his actions" because he "panicked and reacted" when WB bent his fingers backwards and he did "not think about the consequences of punching WB." But WB testified that Logan got on top of him, punched him three times in the face, and it was not an accident. WB's testimony was

sufficient to rebut Logan's testimony. *See State v. Clemons*, 110 Ariz. 555, 557 (1974) (noting that the factfinder "is not compelled to accept [the defendant's] story or believe his testimony"); *State v. Munoz*, 114 Ariz. 466, 469 (App. 1976) ("[A] conviction may be based on the uncorroborated testimony of the victim unless the story is physically impossible or so incredible that no reasonable person could believe it."); *see also State v. Merryman*, 79 Ariz. 73, 75-76 (1955) (rejecting insufficient evidence argument based on uncorroborated victim testimony).

**¶10**        "Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions from the evidence." *State v. Ballinger*, 110 Ariz. 422, 425 (1974). As described by WB, this was not a matter of clear "inadvertence or heedlessness," and Logan's actions were a gross deviation from the conduct of even a reasonable child of Logan's "age, intelligence and experience." *William G.*, 192 Ariz. at 214. The juvenile court was free to accept WB's version of the events. *See State v. Cox*, 217 Ariz. 353, 357, ¶ 27 (2007) ("[T]he credibility of the witnesses and the weight of the value to be given to their testimony are questions exclusively for the [factfinder]." (citation omitted)); *see also In re James P.*, 214 Ariz. 420, 422, ¶ 24 (App. 2007) (noting "[t]he juvenile court is in the best position to assess witness credibility"). Thus, the State presented sufficient evidence for the juvenile court to conclude that Logan acted recklessly, if not intentionally, when he punched WB multiple times in the face and broke his nose.

## II.    Self-Defense.

**¶11**        Logan also argues that the juvenile court erred in adjudicating him delinquent because he presented evidence that he acted in self-defense and there was insufficient evidence to prove his actions were not justified.

**¶12**        In Arizona, "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A). This is "an objective standard of conduct, not a subjective standard." *State v. Oaks*, 209 Ariz. 432, 434, ¶ 9 (App. 2004). If the defendant produces the "slightest evidence" of self-defense, the State must establish that the person did not act with justification beyond a reasonable doubt. *State v. King*, 225 Ariz. 87, 89, 91, ¶¶ 6, 14 (2010).

**¶13**        Logan claimed self-defense, testified that WB was elbowing him and bending his fingers backwards, and stated he "wouldn't have

4

punched [WB] . . . if [he] didn't feel like [his] fingers were about to break." However, nothing required the juvenile court to accept Logan's testimony over that of WB. *See State v. Salazar*, 173 Ariz. 399, 414 (1992) ("The jury, the sentencing court, and this court are not bound by defendant's version of the evidence."); *Clemons*, 110 Ariz. at 557.

**¶14**　　　　The juvenile court heard conflicting testimony and necessarily rejected Logan's justification defense in adjudicating him delinquent. *See State v. Williams*, 220 Ariz. 331, 334, ¶ 9 (App. 2008) ("Trial judges are presumed to know the law and to apply it in making their decisions." (citation omitted)); *Maricopa Cnty. Juv. Action No. JS–3594*, 133 Ariz. 582, 585 (App. 1982) (noting a juvenile court is "deemed to have made every finding necessary to support the judgment"). It is not our role to second guess that decision. *See Cox*, 217 Ariz. at 357, ¶ 27; *In re David H.*, 192 Ariz. 459, 461, ¶ 8 (App. 1998) (noting "judging the credibility of witnesses and resolving conflicts in testimony are uniquely the province of the trial court, given its ability to observe the witnesses while testifying").

**¶15**　　　　Viewing the facts in the light most favorable to sustaining the juvenile court's judgment, *see Jessi W.*, 214 Ariz. at 334, ¶ 11, the State presented sufficient evidence from which the juvenile court could find that Logan did not act in self-defense and was not justified in punching WB.

## CONCLUSION

**¶16**　　　　For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:　　JT