NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE DEPENDENCY AS TO B.H.

No. 1 CA-JV 25-0132

FILED 03-12-2026

Appeal from the Superior Court in Maricopa County
No. JD44971
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant B.H.*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee DCS*

Maricopa County Office of the Public Advocate, Mesa
By Seth Draper
*Counsel for Appellee Michael H.*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

---

**C A T T A N I**, Judge:

¶1        B.H. appeals from the superior court's order declining to adjudicate her dependent. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        B.H., now 17 years old, is the biological daughter of Michael H. ("Father") and Nicole B. ("Mother"). Pursuant to family court orders, Father and Mother have shared equal parenting time of B.H. and her twin sister since 2011 on a week-on, week-off basis. Father and Mother have struggled to co-parent and have been involved in further family court proceedings. Those proceedings were ongoing when B.H. filed this private dependency in March 2025.[1]

¶3        Starting in December 2023, B.H. refused to visit Father because she "felt uncomfortable" there and experienced emotional distress at the thought of doing so. In July 2024, a therapeutic interventionist was appointed to help with reunifying B.H. and Father. The interventionist met with the family over the course of six months without resolution before Father decided to no longer participate because he did not trust the interventionist.

¶4        In October 2024, B.H. decided to resume parenting time with Father. At some point, he asked her to turn her phone's location settings on. When she refused, Father jumped on her, snatched the phone from her hands, and locked her in her bedroom for a few minutes. After the door was unlocked, she ran out of the house, but Father grabbed her and held

---

[1]      Father moved to supplement the record with a December 2025 minute entry in family court indicating B.H. was living with Father, which he argued mooted the appeal. Although we granted the motion to supplement, the minute entry does not provide clarity on the current parenting time orders or B.H.'s view of those orders. Thus, the minute entry does not moot this appeal.

her briefly before releasing her. B.H. ran to bystanders and used their phone to contact Mother and police. Although B.H. subsequently refused to go to Father's house during his parenting time, she nevertheless went to the house while he was there to see other family members.

¶5 In March 2025, B.H. filed this dependency petition alleging abuse and neglect by Father and Mother's inability to protect B.H. from Father during his parenting time. B.H. specifically cited the October 2024 incident and alleged Father used marijuana excessively.

¶6 The Department of Child Safety ("DCS") investigated the allegations and, after visiting Father's home, concluded the claims were unsubstantiated. DCS noted "no identified safety threats to the child's safety" and "no disclosures by the child, that the child is in present or impending danger when visiting father." B.H. stated that Father had not physically abused her, and she indicated that she was not fearful of Father. DCS thus concluded there were no grounds for a dependency.

¶7 At the August 2025 dependency adjudication, B.H., Mother, Father, and the therapeutic interventionist testified. No witnesses contested that Mother was a safe parent. B.H. testified she felt "uncomfortable" being at Father's house and did not want to be forced to visit because she was happy at Mother's house. Father admitted having yelled at B.H., and he acknowledged that he used marijuana in lieu of painkillers. But he also testified that he used marijuana safely and was not abusive to B.H. The therapeutic interventionist testified that Father was "minimally adequate to parent" and that there was no evidence of physical neglect. Finally, DCS opined that the dependency should be dismissed.

¶8 After considering the evidence presented and arguments by counsel, the court issued a seven-page minute entry in which the court ruled that there was no basis for a dependency finding and dismissed the petition. The court concluded Mother was a safe parent and that there was insufficient evidence of abuse justifying a dependency finding. B.H. timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶9 B.H. argues the court erred by dismissing her dependency. We review the superior court's dismissal of a dependency action for an abuse of discretion, *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016), and we accept the court's findings of fact unless clearly erroneous, *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10 (App. 2007).

**¶10**        A "dependent child" is one who is adjudicated to be "[i]n need of proper and effective parental care and control and who has no parent or guardian . . . willing to exercise or capable of exercising such care and control."  A.R.S. § 8-201(15)(a)(i).  A dependent child may also be one "whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent."  A.R.S. § 8-201(15)(a)(iii).  In addressing a dependency claim, the superior court considers relevant circumstances as they exist at the time of the dependency adjudication hearing.  *Shella H.*, 239 Ariz. at 48, ¶ 1.

**¶11**        Reasonable evidence supports the superior court's ruling dismissing the dependency.  There is no dispute that Mother was a safe parent.  It was also undisputed that Mother was willing to exercise parental care and control.  B.H. and Mother's testimony indicated B.H. felt safe with Mother and that Mother was able to take care of her needs.

**¶12**        B.H. contends she should nevertheless be found dependent because Mother was unable to protect B.H. in light of the family court order granting Father parenting time.  But that argument ignores the statutory definition of a dependent child, which requires a finding that there is "no parent or guardian" willing to provide proper and effective care.  A.R.S. § 8-201(15)(a)(i).  To the extent there are concerns with the family court's parenting time order, nothing precludes Mother from seeking relief in family court.  *See Meryl R. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 24, 26, ¶ 10 (App. 1999) (noting that a dependency is correctly dismissed when the child has a parent willing and fit to parent and there are no existing exigent circumstances or legal barriers to prevent the parent from seeking relief in the appropriate forum).  Even without considering Father's conduct, reasonable evidence supports the superior court's finding denying the dependency because Mother was willing and fit to parent B.H.

**¶13**        Focusing on Father's conduct, B.H. has shown no abuse of discretion in the court's assessment.  B.H. points to Father's alleged abuse of marijuana, claiming the court erred by finding there was insufficient evidence of his marijuana abuse.  But ample evidence supports the court's findings, including Father's testimony that he used marijuana safely, and DCS's report that allegations of marijuana abuse were unsubstantiated.

**¶14**        B.H. also asserts that the superior court should have found her dependent based on the October 2024 incident.  But the court considered that incident and concluded that, even assuming the incident happened as B.H. described, there had been no other physical incidents between B.H. and Father, and B.H. continued to voluntarily visit Father's home to see other family members while Father was there.  Additionally,

DCS reports indicated B.H. was not fearful of Father. Although the interventionist's testimony reflected that Father may struggle with helping B.H. avoid potential emotional issues, the interventionist's testimony also reflected that Father was minimally adequate as a parent and willing to attend therapy with B.H.

¶15        B.H. is effectively requesting that this court reweigh the evidence on appeal, which we will not do. *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004) (reiterating that the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts"). Accordingly, and for the above reasons, her claim of error fails.

## CONCLUSION

¶16        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR