66 P.3d 88

**Brady BOYNTON, Petitioner,**

**v.**

**The Honorable Arthur ANDERSON, Judge of the Superior Court of The State of Arizona, in and for the County of Maricopa, Respondent Judge,**

State of Arizona, Real Party in Interest.

No. 1 CA–SA 03–0014.

Court of Appeals of Arizona,
Division 1, Department C.

April 8, 2003.

Review Denied June 30, 2003.

Jason D. Lamm, Phoenix, Attorney for Petitioner.

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix and Richard M. Romley, Maricopa County Attorney by Karen Kemper, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

PATTERSON, Presiding Judge.

¶ 1 In this special action, we are asked to determine whether the criminal offense of luring a minor for sexual exploitation in violation of Arizona Revised Statutes ("A.R.S.") section 13–3554 (Supp.2002) is a "dangerous crime against children" under A.R.S. § 13–604.01 (Supp.2002).

**1.** Before the trial court, petitioner also argued that the statute required a human being as a victim to constitute a "dangerous crime against

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Brady Boynton ("petitioner") was charged with luring a minor for sexual exploitation ("Count One"), and possession of drug paraphernalia ("Count Two"). The indictment classified Count One as "A CLASS 3 FELONY AND DANGEROUS CRIME AGAINST CHILDREN." Petitioner moved the trial court to strike and dismiss A.R.S. § 13–604.01 from the indictment arguing that A.R.S. § 13–3554 is not a "dangerous crime against children."[1] After taking the matter under advisement, the trial court denied petitioner's motion. Petitioner now requests that this court accept special action jurisdiction and decide whether luring a minor for sexual exploitation can be punished as a "dangerous crime against children" under A.R.S. § 13–604.01.

## SPECIAL ACTION JURISDICTION

■ ¶ 3 We exercise our discretion and accept special action jurisdiction because this is a previously uninterpreted matter of statutory construction, which is likely to arise again. See Blake v. Schwartz, 202 Ariz. 120, 122, ¶ 7, 42 P.3d 6, 8 (App.2002). ("Special action jurisdiction is appropriate 'where an issue is one of first impression of a purely legal question, is of statewide importance, and is likely to arise again.' ") (quoting Vo v. Superior Court, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992)).

## DISCUSSION

¶ 4 Petitioner argues that because luring a minor for sexual exploitation is not listed under A.R.S. § 13–604.01(L), it is not punishable as a "dangerous crime against children." Such matters of statutory construction and interpretation are reviewed de novo. Ariz. Dep't of Revenue v. Dougherty, 200 Ariz. 515, 517, ¶ 7, 29 P.3d 862, 864 (2001).

¶ 5 The primary purpose of statutory construction is to determine and give effect to the legislative intent behind the statute; and to that end, appellate courts consider the

children." This argument is not raised in the present petition for special action and consequently not addressed.

context of the statute, the language used, the subject matter, the historical background, the effects and consequences, and the spirit and purpose of the law. *State v. Cramer*, 192 Ariz. 150, 152, ¶ 10, 962 P.2d 224, 226 (App. 1998). "In determining legislative intent, the court first considers the statute's language because it is the 'best and most reliable index of a statute's meaning.' " *Id.* (quoting *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.1997)).

¶ 6 "A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor." A.R.S. § 13–3554(A). Section 13–3554 was added and became effective on July 18, 2000, *see* 2000 Ariz. Sess. Laws, ch. 189, § 30, and subsequently amended effective August 9, 2001, to provide for punishment under A.R.S. § 13–604.01(I), *see* 2001 Ariz. Sess. Laws, ch. 334, § 18. "Luring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable pursuant to § 13–604.01, subsection I." A.R.S. § 13–3554(C).

Notwithstanding chapter 10 of this title [ (preparatory offenses) ], a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section *or luring a minor for sexual exploitation pursuant to § 13–3554 is guilty of a class 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years.* The presumptive term may be increased or decreased by up to five years pursuant to § 13–702, subsections B, C and D. If the person is sentenced to a term of imprisonment the person is not eligible for release from confinement on any basis except as specifically authorized by § 31–233, subsection A or B until the person has served the sentence imposed by the court, the person is eligible for release pursuant to § 41–1604.07 or the sentence is commuted. . . .

A.R.S. § 13–604.01(I) (emphasis added) (footnote omitted).

¶ 7 Petitioner contends that § 13–3554 conflicts with § 13–604.01. This purported conflict stems from the language of § 13–604.01(L)(1), which in pertinent part states:

1. "Dangerous crime against children" means any of the following that is committed against a minor who is under fifteen years of age:

(a) Second degree murder.

(b) Aggravated assault resulting in serious physical injury or involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument.

(c) Sexual assault.

(d) Molestation of a child.

(e) Sexual conduct with a minor.

(f) Commercial sexual exploitation of a minor.

(g) Sexual exploitation of a minor.

(h) Child abuse as prescribed in § 13–3623, subsection A, paragraph 1.

(i) Kidnapping.

(j) Sexual abuse.

(k) Taking a child for the purpose of prostitution as defined in § 13–3206.

(*l* ) Child prostitution as defined in § 13–3212.

(m) Involving or using minors in drug offenses.

(n) Continuous sexual abuse of a child.

(*o* ) Attempted first degree murder.

A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense, except attempted first degree murder is a dangerous crime against children in the first degree.

¶ 8 Petitioner urges us to apply the doctrine of *expressio unius est exclusio alterius* and find that luring a minor for sexual exploitation is not a "dangerous crime against children." Under that established rule of statutory construction, "the expression of one or more items of a class indicates an intent to exclude all items of the same class which are not expressed." *State v. Fell*, 203 Ariz. 186, 189, ¶ 11, 52 P.3d 218, 221 (App.2002) (quoting *State v. Roscoe*, 185 Ariz.

68, 71, 912 P.2d 1297, 1300 (1996)). That rule is not definitive or an invariable standard of interpretation, but if a statute specifies under what conditions it is effective, we can ordinarily infer that it excludes all others. *Fell,* 203 Ariz. at 189, ¶ 11, 52 P.3d at 221.

■ ¶ 9 In determining whether conduct falls within a statute, we look to statutes on the same subject matter. *In re Robert A.,* 199 Ariz. 485, 487, ¶ 8, 19 P.3d 626, 628 (App.2001). Our research found five statutes relating to luring a minor for sexual exploitation. *See* A.R.S. §§ 8–846(B)(2) (Supp.2002) (indicating that reunification services are not required to be provided if the court finds by clear and convincing evidence that the parent or guardian of a child has been convicted of luring a minor for sexual exploitation); 13–604.01(I) (providing for enhanced sentencing for luring a minor for sexual exploitation if the minor is under fifteen years of age); 13–3554 (defining what constitutes luring a minor for sexual exploitation); 13–3557 (2001) (providing that on the conviction of a person for luring a minor for sexual exploitation, "the court shall order that any photographic equipment, computer system or instrument of communication that is owned or used exclusively by the person and that was used in the commission of the offense be forfeited and sold, destroyed or otherwise properly disposed"); 13–3821(A)(13) (Supp.2002) (providing that a person who has been convicted of a violation or attempted violation of luring a minor for sexual exploitation shall, "within ten days after the conviction or within ten days after entering and remaining in any county of this state, register with the sheriff of that county").

¶ 10 After reviewing these statutes and those pertaining to "dangerous crimes against children," it appears that the legislature did not intend to include luring a minor for sexual exploitation as a "dangerous crime against children." After enacting § 13–3554 in July 2000, the legislature amended three statutes, effective August 9, 2001, to include luring a minor for sexual exploitation or reference to § 13–3554. *See* 2001 Ariz. Sess. Laws, ch. 218, § 6 (rewrote A.R.S. § 8–846 to include "luring a minor for sexual exploitation"); *see* 2001 Ariz. Sess. Laws, ch. 334, § 7

(inserted "or luring a minor for sexual exploitation" to A.R.S. § 13–604.01(I)); *see* 2001 Ariz. Sess. Laws, ch. 109, § 2 (amended A.R.S. § 13–3821(A) to include "luring a minor for sexual exploitation" as subsection 13). The legislature could have added "luring a minor for sexual exploitation" to § 13–604.01(L)(1), but decided not to.

¶ 11 The foregoing creates a strong inference that our legislators did not intend to include luring a minor for sexual exploitation as a "dangerous crime against children." *See PAM Transport v. Freightliner Corp.,* 182 Ariz. 132, 133, 893 P.2d 1295, 1296 (1995) ("[I]f a statute specifies under what conditions it is effective, we can ordinarily infer that it excludes all others."). Our review of Arizona case law fails to uncover any instance where the offense is classified as a "dangerous crime against children" and the offense is not one of those listed under § 13–604.01(L)(1).

¶ 12 The Dangerous Crimes Against Children Act, as interpreted by our appellate courts, sets forth a clear, unmistakable, and resolute public policy intended to protect our children. In *State v. Wagstaff,* 164 Ariz. 485, 490–91, 794 P.2d 118, 123–24 (1990), our supreme court wrote:

> The legislature's purpose in enacting the Dangerous Crimes Against Children Act can be surmised. Protecting the children of Arizona and punishing severely those who prey on them certainly are two legislative goals. In addition, ... the legislature is attempting to address the problem of recidivism alleged to exist in this category of offender.

"The legislative history indicates quite clearly that the enactment of § 13–604.01 was calculated to reach criminals who prey specifically upon children." *State v. Williams,* 175 Ariz. 98, 102, 854 P.2d 131, 135 (1993).

¶ 13 The state, citing *Williams,* argues that "[t]he crux of the inquiry is whether a child was the target, not whether the offense is on the list." A fair reading of the statute and the analysis set forth in *Williams* does not support the state's argument. In *Williams,* our supreme court answered in the negative, when asked "whether the use of a motor vehicle which injures a person who

fortuitously happens to be under fifteen years old" constitutes a "dangerous crime against children." *Id.* at 99, 854 P.2d at 132. Defendant in that matter was charged with aggravated assault, an enumerated offense under § 13–604.01(L). *Id.* More importantly, the court in *Williams* appeared to have confined its rationale to the designated offenses. *Id.* at 101, 854 P.2d at 134 ("Given the list of crimes, and the language 'against a minor,' a fair construction of the statute is that it refers to crimes in which a child is the target of the criminal conduct.").

¶ 14 The consequences that follow from a conviction for a "dangerous crime against children" are numerous and further support the conclusion that the legislature's omission of luring a minor for sexual exploitation from § 13–604.01(L) implies that the offense is not a "dangerous crime against children." *See, e.g.,* A.R.S. §§ 13–123 (2001) (expedited prosecution); 13–3716 (2001) (notice when applying for employment or volunteering services with organizations that supervise children); 13–3961(E) (2001) (offenses not bailable); 15–550 (2002) (certificate of a teacher immediately and permanently revoked). As matters stand, "luring a minor for sexual exploitation" is not listed in § 13–604.01(L)(1), accordingly we conclude that the criminal offense of luring a minor for sexual exploitation is not a "dangerous crime against children." *See Fell,* 203 Ariz. at 189, ¶ 11, 52 P.3d at 221 ("Because non-Title 13 offenses such as DUI are not listed in § 13–401(B) as crimes to which a justification defense might apply, 'it follows that the legislature did not intend [their] inclusion within the . . . category' of offenses to which a justification defense may be invoked.") (alteration in original) (quoting *Champlin v. Sargeant,* 192 Ariz. 371, 374, ¶ 16, 965 P.2d 763, 766 (1998)). The omission appears to be a reasoned decision of our legislators.

¶ 15 However, contrary to petitioner's assertion, the respondent judge did not err by failing to strike A.R.S. § 13–604.01 from the indictment. Although luring a minor for sexual exploitation is not a "dangerous crime against children," the legislature has prescribed that it is punishable in accordance with § 13–604.01(I) under certain circumstances, i.e. when the minor is under fifteen years of age. *See* A.R.S. § 13–3554(C). The circumstances under which the trial court can impose the sentencing scheme set forth under § 13–604.01(I) are when an adult or person tried as an adult "stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section *or* luring a minor for sexual exploitation pursuant to § 13–3554. . . ." (Emphasis added.)[2]

## CONCLUSION

¶ 16 Accordingly, we grant relief in part and deny in part. We find that luring a minor for sexual exploitation in violation of A.R.S. § 13–3554 is not a "dangerous crime against children" and order the trial court to strike "DANGEROUS CRIME AGAINST CHILDREN" from Count One of petitioner's indictment. We also find that the controlling sentencing provision for the charge on which petitioner currently stands accused is A.R.S. § 13–604.01(I), therefore § 13–604.01 may remain on petitioner's indictment.

CONCURRING: PHILIP HALL and JEFFERSON L. LANKFORD, Judges.

---

2. "The word 'or,' as it is often used, is '[a] disjunctive particle used to express an *alternative* or *to give a choice* of one among two or more things.' " *State v. Pinto,* 179 Ariz. 593, 595, 880 P.2d 1139, 1141 (App.1994)(quoting *Rutledge v. Ariz. Bd. of Regents,* 147 Ariz. 534, 556–57, 711 P.2d 1207, 1229–30 (App.1985)). "We will usu-ally interpret 'or' to mean what it says, and we will give it that meaning unless impossible or absurd consequences will result." *Pinto,* 179 Ariz. at 595, 880 P.2d at 1141. The construction urged by petitioner is contrary to the express language of §§ 13–3554(C) and 13–604.01(I).