255 P.3d 1028

**STATE of Arizona, Appellee,**

v.

**Christopher Michael REGENOLD, Appellant.**

**No. 1 CA–CR 08–0651.**

Court of Appeals of Arizona, Division 1, Department B.

May 26, 2011.

Thomas C. Horne, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, and Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

NORRIS, Judge.

¶ 1 Christopher Michael Regenold appeals from his sentence for luring a minor for sexual exploitation. He argues his sentence was illegal under Arizona Revised Statutes ("A.R.S.") section 13–3554 (Supp. 2005) because he was sentenced as though he committed luring a minor for sexual exploitation against a victim younger than 15 years old when, in reality, the "victim" was a police detective posing as a minor under age 15. We agree; A.R.S. § 13–3554 does not trigger the more severe sentencing range under A.R.S. § 13–604.01(I) (Supp.2005) unless the victim was actually under 15 years old. We therefore vacate the sentence imposed by the superior court and remand for sentencing.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In May 2006, Regenold pleaded guilty to one count of luring a minor for sexual exploitation, a class three felony, after offering or soliciting sexual conduct in October 2005 through online conversations with a detective impersonating a 14–year–old girl. In July 2006, the superior court suspended imposition of sentence and placed Regenold on lifetime probation. In June 2008, the court found Regenold had violated several terms of his probation, and in July 2008 sentenced him, under A.R.S. § 13–604.01(I) and in ac-

cordance with his plea agreement, to a mitigated term of 6.5 years in prison.[1]

## DISCUSSION [2]

¶ 3 The issue presented here—whether Regenold's sentence was illegal—is an issue of statutory construction. The primary rule of statutory construction is to give effect to the legislature's intent. *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). In determining the legislative intent, "we consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, and the statute's spirit and purpose." *Id.* Our starting point, however, is "the statute's language because it is the 'best and most reliable index of a statute's meaning.'" *State v. Cramer*, 192 Ariz. 150, 152, ¶ 10, 962 P.2d 224, 226 (App.1998) (quoting *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.1997)).

¶ 4 When Regenold committed his offense, A.R.S. § 13–3554 read as follows [3]:

A. A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor.

B. It is not a defense to a prosecution for a violation of this section that the other person was a peace officer posing as a minor.

C. Luring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable pursuant to § 13–604.01, subsection I.

---

1. We initially held we lacked jurisdiction to address Regenold's appeal from his sentence. *State v. Regenold*, 1 CA–CR 08–0651, 2010 WL 987063 (Ariz.App. Mar. 18, 2010) (mem. decision). The Arizona Supreme Court reversed that decision, holding we had jurisdiction because Regenold had contested revocation of his probation and thus his sentence was not entered "pursuant to a plea agreement" under A.R.S. § 13–4033(B) (2010). *State v. Regenold*, 226 Ariz. 378, 249 P.3d 337 (2011). The court remanded for us to decide the merits of his appeal. *Id.*

2. We review a challenge to the legality of a sentence de novo. *State v. Johnson*, 210 Ariz. 438, 440, ¶ 8, 111 P.3d 1038, 1040 (App.2005).

3. We interpret the statutes in effect at the time Regenold committed his offense. *See State v. Newton*, 200 Ariz. 1, 2, ¶ 3, 21 P.3d 387, 388 (2001). The legislature amended A.R.S. § 13–3554(B) in 2007 to remove the requirement that a person posing as a minor must be a police officer. 2007 Ariz. Sess. Laws, ch. 248, § 8 (1st Reg. Sess.). In 2008, the legislature renumbered Arizona's sentencing statutes and thus amended A.R.S. § 13–3554(C) so that it referenced A.R.S. § 13–705. 2008 Ariz. Sess. Laws, ch. 301, § 81 (2d Reg. Sess.).

Although a defendant can be convicted of luring a person who is a police officer posing as a minor, as Regenold was, the plain language of § 13–3554(C) requires the victim to actually be a minor under 15 years of age for a court to sentence the defendant under A.R.S. § 13–604.01(I). *See Boynton v. Anderson,* 205 Ariz. 45, 49, ¶ 15, 66 P.3d 88, 92 (App.2003) ("Although luring a minor for sexual exploitation is not a 'dangerous crime against children,' the legislature has prescribed that it is punishable in accordance with § 13–604.01(I) under certain circumstances, i.e. when the minor is under fifteen years of age.").[4]

¶ 5 This plain reading of the statute is supported by *State v. Hazlett,* 205 Ariz. 523, 73 P.3d 1258 (App.2003). In that case, we considered the constitutionality of a statute with similar language—sexual exploitation of a minor under A.R.S. § 13–3553 (Supp.2002). *Hazlett,* 205 Ariz. at 525, ¶ 1, 73 P.3d at 1260. In holding the statute was not unconstitutionally overbroad, we explained the word "minor" in the statute referred to an "actual child." *Id.* at 528, ¶ 12, 73 P.3d at 1263.

> Section 13–3553 simply uses the term "minor," which is further statutorily defined as a human being who was "under the age of eighteen years of age at a time the visual depiction was created, adapted or modified." This definition, by describing "minor" in the past tense, evidences a clear intent that the minor be an actual living human being in that it implies the subject has the ability to age, *i.e.,* become older through the passage of time. Fictitious persons do not possess this quality.

*Id.* at 527, ¶ 11, 73 P.3d at 1262.

¶ 6 Further, the statute at issue in *Hazlett* contained a subsection regarding sentencing that is nearly identical to the language here: "Sexual exploitation of a minor is a class 2 felony and if the minor is under fifteen years of age it is punishable pursuant to § 13–604.01." A.R.S. § 13–3553(C). We explained the reference to § 13–604.01 "evidence[d] legislative intent that the subject of the visual depiction be a real person." *Hazlett,* 205 Ariz. at 528, ¶ 12, 73 P.3d at 1263. Because

allowing the term "minor" to signify anything other than "actual children" would be irreconcilable with the rest of the statute, we held an "actual child" must be involved for the crime of sexual exploitation of a minor. *Id.* at 531, ¶ 29, 73 P.3d at 1266.

¶ 7 The State does not identify any case law to contradict the plain language and reading of the statute. Instead, it argues that because the legislature barred a defendant from asserting a defense based on a police officer posing as a minor, A.R.S. § 13–3554(B), it "should not be a defense to the application of the *sentencing* provision of the statute, either." We disagree; § 13–3554(C) makes no mention of the victim "posing" as a minor under age 15, and *Hazlett* supports the conclusion that the use of the word "minor" in § 13–3554(C) refers to an actual child, not a fictitious person. In conformity with the plain language of the statute and supportive case law, we hold defendants convicted of luring a minor for sexual exploitation can be sentenced in accordance with § 13–604.01(I) only if they lure minors who are actually children under the age of 15. If the legislature wishes to modify the statute so the fictitious age of a police officer posing as a minor becomes the age utilized for purposes of sentencing, it certainly may do so.

¶ 8 The State also argues Regenold should not be allowed to challenge the legality of a sentence entered in accordance with a plea agreement he voluntarily signed. But we cannot allow the superior court to impose an illegal sentence, even if the defendant has agreed to it. *See Coy v. Fields,* 200 Ariz. 442, 444, ¶ 4, 27 P.3d 799, 801 (App.2001) (court properly set aside illegal probationary term authorized by signed plea agreement); *see also Jackson v. Schneider,* 207 Ariz. 325, 328, ¶ 10, 86 P.3d 381, 384 (App.2004) ("When a trial court exceeds its sentencing authority, the sentence is void as to the excess portion.").

¶ 9 Because Regenold committed his offense against a "victim" who was a police detective and not an actual minor under the age of 15, he could not be sentenced under

---

4. In 2007, the legislature amended A.R.S. § 13–604.01 to make luring a minor for sexual exploi-

tation a dangerous crime against children. 2007 Ariz. Sess. Laws, ch. 248, § 2 (1st Reg. Sess.).

§ 13–604.01(I), even though he signed a plea agreement authorizing such a sentence. We therefore remand to the superior court to sentence Regenold under A.R.S. §§ 13–701 to –702 (2001 & Supp.2005) consistent with this opinion.

**CONCLUSION**

¶ 10 For the foregoing reasons, we vacate the sentence imposed by the superior court and remand for sentencing consistent with this opinion.

CONCURRING: DANIEL A. BARKER, and PETER B. SWANN, Judges.