¶ 97 For the reasons stated, we affirm Lynch's death sentence.[3]

357 P.3d 144

**STATE of Arizona ex rel. Sheila Sullivan POLK, Yavapai County Attorney, Petitioner,**

v.

**The Honorable Jennifer B. CAMPBELL, Judge of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judge,**

**Francis Frederick Kraps, Real Party in Interest.**

No. 1 CA–SA 15–0107.

Court of Appeals of Arizona, Division 1.

Aug. 4, 2015.

Sheila Sullivan Polk, Yavapai County Attorney by Bill R. Hughes, Prescott, Counsel for Petitioner.

Law Offices of John M. Sears, P.C. by John M. Sears, Prescott, Counsel for Real Party in Interest.

Judge JON W. THOMPSON delivered the Opinion of the Court, in which Presiding Judge MARGARET H. DOWNIE and Judge SAMUEL A. THUMMA joined.

## OPINION

THOMPSON, Judge:

¶ 1 Petitioner (State) seeks pre-trial special action relief. At issue is the sentencing range available for knowingly engaging in prostitution with a minor age 15 to 17 following a sting operation where a police officer

posed as a 16 year-old. We agree with the State that such a conviction under Arizona Revised Statutes (A.R.S.) § 13–3212(B)(2) (Supp. 2014)[1] is sentenced as a class 2 felony subject to the sentencing enhancements of A.R.S. § 13–3212(G) as if the victim was actually 16 years old. For these reasons, we accept special action jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The State alleges that defendant was one of a number of men arrested on April 23, 2014 in a sting operation where officers posed as 16 year-old runaways willing to engage in sexual conduct for money. As alleged, the men had online interactions with the "runaways" followed by face-to-face contact in a hotel room. Defendant was indicted on two class 2 felony charges of child prostitution under A.R.S. § 13–3212(B)(2) and he pled not guilty. In a pretrial hearing, the trial court advised defendant that if convicted he could receive a mandatory prison sentence of 7 to 21 years pursuant to A.R.S. § 13–3212(G), and he would not be eligible for

1. The legislature has since revised the child prostitution statute effective July 24, 2014. This case concerns A.R.S. § 13–3212, "Child prostitution; classification; increased punishment," as it was in effect from July 20, 2011 to July 23, 2014. That statute reads in relevant part:

**A.** A person commits child prostitution by knowingly:
1. Causing any minor to engage in prostitution.
2. Using any minor for the purposes of prostitution.
. . .
**B.** A person who is at least eighteen years of age commits child prostitution by knowingly:
1. Engaging in prostitution with a minor who is under fifteen years of age.
2. Engaging in prostitution with a minor who the person knows is fifteen, sixteen or seventeen years of age.
3. Engaging in prostitution with a minor who is fifteen, sixteen or seventeen years of age.
**C.** It is not a defense to a prosecution under subsection A and subsection B, paragraphs 1 and 2 of this section that the other person is a peace officer posing as a minor or a person assisting a peace officer posing as a minor.
**D.** Notwithstanding any other law, a sentence imposed on a person for a violation of subsection

A or subsection B, paragraph 2 of this section involving a minor who is fifteen, sixteen or seventeen years of age shall be consecutive to any other sentence imposed on the person at any time.
**E.** Child prostitution pursuant to subsection A of this section is a class 2 felony if the minor is under fifteen years of age and is punishable pursuant to § 13–705.
**F.** Child prostitution pursuant to subsection B, paragraph 1 of this section is a class 2 felony and is punishable pursuant to § 13–705.
**G.** If the minor is fifteen, sixteen or seventeen years of age, child prostitution pursuant to subsection A and subsection B, paragraph 2 of this section is a class 2 felony, the person convicted shall be sentenced pursuant to this section and the person is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served or commuted. The presumptive term may be aggravated or mitigated within the range under this section pursuant to § 13–701, subsections C, D and E. The terms are as follows:
. . .
**H.** Child prostitution pursuant to subsection B, paragraph 3 of this section is a class 6 felony . . .

probation.[2]

¶ 3 Defendant filed a motion for reconsideration asserting that in order for Subsection (G) to apply the victim must have been a true minor age 15 to 17. The trial court did reconsider and after oral argument found that the plain language of Subsection (G) and this court's opinion in *State v. Regenold*, 227 Ariz. 224, 226, ¶ 4, 255 P.3d 1028, 1030 (App. 2011) required the alleged victim to be a true minor for the enhanced terms of Subsection (G) to apply. The court found that defendant, if convicted, would be subject only to sentencing for a class 2 felony without special sentencing requirements. The State challenged that ruling in this special action.

## JURISDICTION

¶ 4 Special action jurisdiction is available when there is no other equally plain, speedy or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is appropriately invoked when there is an issue of statewide importance. *See State v. Bernini*, 230 Ariz. 223, 225, ¶ 5, 282 P.3d 424, 426 (App.2012) citing *State ex rel. Romley v. Martin*, 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App.2002) ("Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again."), aff'd, 205 Ariz. 279, 69 P.3d 1000 (2003). Given the reoccurring nature of this type of case and the serious nature of child prostitution, acceptance of special action jurisdiction is appropriate.

## DISCUSSION

¶ 5 The question before us is whether, under either the statutory framework or *State v. Regenold*, the "minor" referenced for child prostitution sentencing purposes must be a true minor age 15 to 17 and not an adult officer posing as a minor. We review legal issues de novo. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

¶ 6 We hold the trial court erred in finding the sentencing enhancements of A.R.S. § 13-3212(G) did not apply here. This error was driven by: (1) the parties' conclusion at oral argument that under the prostitution statute, crimes against "victims" under age 15 would be anomalously punished less severely than crimes against putative 15 to 17 year-olds under the *Regenold* luring analysis and (2) a failure to correctly analyze the child prostitution statute.

¶ 7 *Regenold*, the key case cited by both parties on appeal, involved online conversations between the defendant and an adult officer posing as a 14 year-old girl. 227 Ariz. at 225, ¶ 2, 255 P.3d at 1029. Defendant pled guilty to luring a minor for sexual exploitation and was sentenced for a Dangerous Crime Against Children (DCAC). *Id.; see* A.R.S. § 13-3554 (Supp.2014). This court held that defendant could not be sentenced for a DCAC because the plain language of the luring statute required that "the victim actually be a minor under 15." 227 Ariz. at 225-26, ¶ 4, 255 P.3d at 1029-30; A.R.S. § 13-705 (Supp.2014). Similarly, this court in *State v. Villegas* found a defendant who engaged in e-mail and text messages with an officer posing as a 14 year-old could not be sentenced for a DCAC. 227 Ariz. 344, 345, ¶ 3, 258 P.3d 162, 163 (App.2011). Neither *Regenold* nor *Villegas* are precedential, as both are luring cases being brought under very different statutory language.

¶ 8 Before we focus on the crucial difference in statutory construction between the luring statute in *Regenold* and *Villegas* and the child prostitution statute applicable in this case, it is worth reviewing portions of the oral argument below to highlight several areas of confusion.

### A. The Under-15 Error

¶ 9 Although this case involves officers posing as 16 year-olds, the parties and the trial court spent considerable time focused on what would happen in a situation where the victim was purportedly under 15. The parties and the court wrestled with what

---

**2.** Defendant asserts this hearing was pursuant to *State v. Donald,* 198 Ariz. 406, 10 P.3d 1193 (App.2000), the State asserts that because no

plea deal had been offered the hearing was merely a presentence hearing. The exact nature of the hearing is not relevant to our discussion.

appeared to be an anomaly in sentencing and, in large part, that misunderstanding drove the underlying legal errors.[3]

¶ 10 In oral argument on the motion for reconsideration, defendant argued:

It cannot be the policy of the State of Arizona to punish somebody who is trying to have sex with a police officer posing as an older child infinitely more harshly than that same police officer posing as a child one year younger. This is the same conduct. We're not talking about luring. We're talking about prostitution, talking about offering money for sex to a police officer posing as a 15 year old. One is probation eligible [the under 15] and the other one [15–17 years old] is a mandatory minimum seven years [in prison].

The State agreed with this mistaken under–15 analysis, stating:

If the peace officer is posing to be under the age of 15, I think under the reading of *Villegas* and *Regenold,* it would not even be a petty offense. I think we fall into that same situation that the Court of Appeals recognized, which occurred for four or five years, where child molestation range with sexual conduct with a 12 year old or 13 year old was not a crime at all just because of the fact that that was a hole in the statute ... but, again, I would submit we don't have to deal with that issue today. It's something that the legislature is going to have to fix eventually if peace officers want to go out and pretend they're under 15 .... It's not something that we have to deal with today—in the future, but it's not something that is raised in this case here because we have a clear case where *Regenold* and *Villegas* really don't apply. Those are DCAC cases.

Later, the following exchange took place:

Court: So if we take your argument about mens rea and we say, *Mr. Kraps,* you're on the phone with this woman who you believe is 14 years old and you arranged

to meet her at this hotel, and you arranged to pay her for services, and this woman turns out to be a 29 year old, there's no punishment for him?

State: Because of the result of *Villegas* and *Regenold,* there is a hole under that circumstance where it's simply not a crime.

. . . .

Court: So I can have face-to-face contact with a minor child and be probation available on the luring, but if we're in the child prostitution, if I offer money, I'm not probation available if it's a police officer. And this is only in the circumstance where it's a police officer and not a minor. So I have a little bit of trouble getting my mind around how the offer of money changes the statute. And then when we remend [sic] the statute and we've got agents 15, 16, 17, you're going to prison. If it's a police officer posing as a 13 or 14 year old, you get off. Does that make any sense?

. . . .

Court: If the Defendant engaged in luring without the offer of payment, it's a Class 3 felony?

State: I agree.

Court: If the police officer was posing to be a 15, 16 or 17 year old what is his sentencing range [for child prostitution]?

State: If the peace officer is posing to be a 15, 16 or 17 year old. Subsection H applies.[4] It's not an offense that it's a peace officer. And Subsection H says if the minor is 15, 16 or 17 years of age and they've committed a violation of Subsection B(2), which is what this Defendant—we've alleged has done, then it's a Class 2 felony and the person is sentenced pursuant to this range.

Court: Under the luring statute?

State: Under the luring statute?

Court: Correct.

---

**3.** The under–15 analysis is not presently before this court; however, we note that our reasoning regarding the police posing as victims 15 to 17 years of age would control the outcome of that analysis and not our luring opinions in *Regenold* or *Villegas.* Child prostitution convictions in-

volving victims under 15 or officers purporting to be minors under 15 would be sentenced pursuant to A.R.S. § 13–705.

**4.** The State appears here to be citing to the 2015 version of A.R.S. § 13–3212(H).

State: The luring statute is a regular Class 3 felony if you commit the luring.

Court: So, if you make actual contact with a child 15, 16 or 17, encourage them to engage in sexual activity, but don't offer to pay them, you're probation available. If you—under this statute you engage in luring a minor for sexual exploitation and you offer them a dollar, you're going to prison?

State: That extra aggravating conduct, that extra element of offering them payment, does elevate what would be otherwise, in my opinion, a lesser included offense to the greater offense of child prostitution.

¶ 11 Influenced by this erroneous set-up, the trial court stated "if that police officer were to pose as a younger person [under 15] and the prosecution must be dismissed or there would be no punishment, that works as a legal and factual absurdity," therefore, "I do believe that a police officer posing as a minor does not trigger the mandatory provisions of the sentencing statute because it would work an absurdity in the sentencing." The court concluded that "minor" means a true minor as under *Regenold,* and that "engaging in any form of child prostitution is a class 2 felony."[5] The following statutory construction analysis demonstrates the sentencing "hole" addressed in these exchanges does not exist.

## B. Statutory Construction

■ ¶ 12 "[T]he statute's language [ ] is the 'best and most reliable index of a statute's meaning.'" *State v. Cramer,* 192 Ariz. 150, 152, ¶ 10, 962 P.2d 224, 226 (App.1998) (*quoting State v. Nihiser,* 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.1997)). In construing criminal statutes we apply practical, common-sense constructions, not hyper-technical ones that would tend to frustrate legislative intent or lead to absurd results. *See* A.R.S. § 1–211 (Supp.2014); *State v. Cornish,* 192 Ariz. 533, 537, ¶ 16, 968 P.2d 606, 610 (App. 1998); *State v. Flores,* 160 Ariz. 235, 239, 772 P.2d 589, 593 (App.1989). And, when read-

ing a statute as a whole, we attempt to give meaningful operation to all of its provisions. *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 13 The crime at issue is "[e]ngaging in prostitution with a minor who the person knows is fifteen, sixteen or seventeen years of age." A.R.S. § 13–3212(B)(2). In the trial court, both defendant and the State asserted that the statutory sentencing language of A.R.S. § 13–3212(G) was unclear whether it applied where an officer posed as a minor. The trial court agreed. We find that the statutory language is clear: Subsection (B)(2) crimes must be punished under Subsection (G).

¶ 14 Subsection (G) reads, in pertinent part:

G. If the minor is fifteen, sixteen or seventeen years of age, child prostitution pursuant to subsection A and subsection B, paragraph 2 of this section is a class 2 felony, the person convicted shall be sentenced pursuant to this section and the person is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served or commuted. The presumptive term may be aggravated or mitigated within the range under this section pursuant to § 13–701, subsections C, D and E. The terms are as follows ...

¶ 15 The plain language of the statute says, "If the minor is fifteen, sixteen or seventeen years of age, child prostitution pursuant to subsection A *and subsection B, paragraph 2 of this section is a class 2 felony, the person convicted shall be sentenced pursuant to this section and the person is not eligible for [release].*" (Italics added.) Subsection (G) cannot be construed to exclude undercover sting situations because we would be left with a statute that defines child prostitution, states that it is no defense if the victim "is a peace officer posing as a minor," yet fails to include either the class of felony or the pun-

---

5. As to the court's possible belief that all child prostitution is a class 2 felony, we note that no subsection of A.R.S. § 13-3212 purports to deem

all child prostitution a mandatory class 2 felony; indeed, the crime defined in Subsection (H) is explicitly a class 6 felony.

ishment—thus leaving it a petty offense under A.R.S. § 13–601(C) (Supp.2014). Such an interpretation is nonsensical and surely not intended by the legislature.

¶ 16 Our conclusion is supported by the structure of the prostitution statute as a whole. Only this analysis gives meaningful operation to all of the provisions of the statute. *See Wyatt,* 167 Ariz. at 284, 806 P.2d at 873. The legislature has provided both a class of felony and punishment for each enumerated charge of child prostitution. Subsections (A) and (B) enumerate the types of violations. Subsection (C) states it is no defense that the victim was actually a police officer. Subsections (D) through (H) outline the class of felony and the punishment for each.[6]

¶ 17 Under a construction where A.R.S. § 13–3212(G) was limited solely to true minors 15 to 17, the statute would be bereft of a class of felony for Subsection (B)(2) sting crimes where a defendant knowingly sought a minor for prostitution. Likewise, there would be no enumerated sentencing model for Subsection (B)(2) sting situations. Despite the legislature explicitly saying in Subsection (C) that having an officer posing as a minor is not a defense to the crime, if Subsection (G) did not apply then such a crime would have neither a class of felony nor a punishment. It is not possible for us to find that the legislature intended sting operations netting defendants who sought prostitutes they knew to be age 15 to 17 to be petty offenses.

■ ¶ 18 The fact that this court reached a "different" result in *Regenold* is wholly attributable to different statutory language and context. The luring statute reads:

**A.** A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor.

**B.** It is not a defense to a prosecution for a violation of this section that the other person was a peace officer posing as a minor.

**C.** Luring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable pursuant to § 13–604.01, subsection I.

Specifically, the plain language of the luring sentencing section begins with the directive that luring of a minor is a class 3 felony. A.R.S. § 13–3554(C). Then it explicitly provides a sentencing enhancement, under what is now the DCAC Act, where the victim is under age 15. *Id.; see Boynton v. Anderson,* 205 Ariz. 45, 49, ¶ 15, 66 P.3d 88, 92 (App. 2003) ("Although luring a minor for sexual exploitation is not a 'dangerous crime against children,' the legislature has prescribed that it is punishable in accordance with § 13–604.01(I) under certain circumstances, i.e. when the minor is under fifteen years of age."). The luring statute has two sentencing structures, one where the victim is under 15 and another where the victim is 15 to 17 or a police officer. The result in *Regenold* did not operate to leave a statutory crime unclassified or without a sentencing structure as it would here. The gross disparity between treating the knowing luring of a purported child for sexual activity as a class 3 felony but prostitution with a purported minor as petty offense would be too ludicrous to countenance. Where the defendant knowingly[7] seeks out a minor for prostitution pur-

---

6. For example, Subsection (E) corresponds directly to Subsection (A) crimes against minors under 15. Subsection (F) corresponds to Subsection (B)(1) (strict liability crimes committed on minors under 15). Subsection (G) applies to Subsection (A) crimes committed on a victim 15 to 17 and (B)(2) (actual knowledge) crimes committed on a victim 15 to 17. The (A), (B)(1)(2) crimes are all explicitly class 2 felonies with various sentencing provisions. Both subsections (A) and (B)(1) link to the DCAC Act (A.R.S. § 13–705) sentencing model. Subsection (B)(2) includes a specific sentencing model. Subsection (B)(3) is a class 6 felony with its own sentencing model. Thus, a conviction for the violation of Subsection (A) for a minor under 15 is sentenced for DCAC. The conviction for a victim under 15 on Subsection (B)(1) is for DCAC. The conviction for a violation of Subsection (A) for a minor 15 to 17 is as outlined in Subsection (G). The conviction for a violation of Subsection (B)(2) is as outlined in Subsection (G).

7. "Knowingly" is defined as "with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It

poses the defendant will be subject to the enhanced sentencing provisions even if the "victim" is an undercover officer over the age of 18.

¶ 19 For all of the foregoing reasons, we find Subsection (G) is the sentencing regime for all Subsection (B)(2) crimes.

## CONCLUSION

¶ 20 We accept special action jurisdiction and grant relief.

does not require any knowledge of the unlawfulness of the act or omission." A.R.S. § 13– 105(10)(b) (Supp.2014).