NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

BENJAMIN JOE ESCALANTE, *Petitioner*.

No. 1 CA-CR 16-0313 PRPC
FILED 11-2-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2014-117628-001
The Honorable Danielle J. Viola, Judge

**REVIEW GRANTED AND RELIEF GRANTED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew C. Marcy
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

**¶1** Benjamin Joe Escalante petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and for the reasons stated, grant review and relief.

**¶2** Escalante pled guilty to counts one and two for attempted child prostitution, class 3 felonies, and count three for attempted sexual conduct with a minor, a class 3 felony and dangerous crime against children ("DCAC"). The trial court sentenced Escalante to 3.5 years' imprisonment for count one, a probation term of four years for count two, and a lifetime probation term for count three. On review, Escalante contends that his conviction for attempted sexual conduct with a minor was improperly designated as a DCAC, which resulted in an unlawful sentence.

**¶3** In the trial court, Escalante timely petitioned for post-conviction relief, claiming that designating his attempted sexual conduct with a minor offense a DCAC was improper because the "minor" was actually an undercover police officer posing as a minor. Escalante argued that *State v. Regenold*, 227 Ariz. 224 (App. 2011) and *State v. Villegas*, 227 Ariz. 344 (App. 2011) supported his claim. In both *Regenold* and *Villegas*, this Court held that luring a minor for sexual exploitation is not a DCAC if the victim is in fact not a minor.

**¶4** The State responded that Escalante's claim had already been considered and rejected in *State v. Carlisle*, 198 Ariz. 203 (App. 2000), and that notwithstanding *Regenold* and *Villegas*, *Carlisle* was still controlling authority. Relying on the *Carlisle* decision, the trial court summarily dismissed Escalante's petition for post-conviction relief. Escalante timely petitioned this Court for review.

**¶5** After Escalante petitioned this Court for review, the Arizona Supreme Court decided *Wright v. Gates*, __ Ariz. __, 402 P.3d 1003 (2017), in which the supreme court concluded that "A.R.S. § 13–705(P)(1) requires an actual child victim for DCAC enhanced sentences to apply to the

enumerated offenses." *Id.* at __ ¶ 18, 402 P.3d at 1007. The supreme court overruled *Carlisle* "insofar as it holds that DCAC sentencing may be imposed under A.R.S. § 13–705 when a defendant commits a crime against a fictitious child." *Id.* ¶ 19. Because *Wright* requires an actual child victim for a conviction to be properly designated a DCAC, Escalante's conviction and sentence for a crime committed against an undercover police officer cannot be designated as a DCAC. Therefore, Escalante's sentence is unlawful.

¶6 Accordingly, we grant review and relief. We remand to the trial court for proceedings consistent with this decision.