270 P.3d 911

**ALLIANCE TRUTRUS, L.L.C.,
an Arizona corporation,
Plaintiff/Appellee,**

v.

**CARLSON REAL ESTATE COMPANY dba Shoppes at Cotton Center De, L.L.C., a Minnesota limited partnership; Shoppes At Cotton Center De, L.L.C., a Delaware limited liability company; and Fidelity And Deposit Company of Maryland, a foreign insurance company, Defendants/Appellants.**

**No. 1 CA–CV 10–0722.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 28, 2012.

Nussbaum Gillis & Dinner, P.C. By Dominica J. Minore, Scottsdale, Attorney for Plaintiff/Appellee.

Poli & Ball, P.L.C. By James B. Ball, Kesha A. Hodge, Phoenix, Attorneys for Defendants/Appellants.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 Appellant Carlson Real Estate Company (Carlson) appeals summary judgment granted to Appellee Alliance TruTrus, L.L.C. (Alliance), which held that Alliance had ninety days from the date of service of the surety bond to file suit. We disagree and reverse and remand for entry of judgment in favor of Carlson.

## FACTS AND PROCEDURAL HISTORY[1]

¶ 2 Carlson had a commercial construction project and hired Macada Construction Group, Inc. (Macada), as its general contractor. Macada hired G.D. Anderson Building Company, L.L.C. (G.D. Anderson), which in turn hired Alliance to furnish materials for the project. G.D. Anderson established an open account with Alliance promising to pay all sums owed pursuant to the terms of the credit agreement. Alliance supplied trusses and other related materials for the project totaling $31,284.

¶ 3 After the invoices were not paid, Alliance recorded a "Notice and Claim of Mechanic's, Materialsman's or Professional Services Lien" (lien) on the real property on September 10, 2008. Carlson executed a "Discharge of Mechanic's Lien" by posting a surety bond in the amount of $49,926 (discharge bond) on February 17, 2009. The discharge bond was served on Alliance three days later.

¶ 4 Alliance filed its lawsuit on May 1, 2009, against Carlson for payment on a lien-discharge bond, and for quantum meruit/unjust enrichment.[2] The parties filed cross-motions for summary judgment on the lien-discharge bond. After argument, the trial court granted Alliance summary judgment finding it timely filed its lawsuit pursuant to Arizona Revised Statutes (A.R.S.) section 33–1004 (2007). The court held that if a "claimant is served with the discharge bond less than ninety days before the expiration of the six-month period prescribed by A.R.S. § 33–998, the claimant has ninety days from the date of service of the discharge bond to commence suit against the surety and its principals."

¶ 5 Carlson timely appealed. [R 82, 83] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 6 The sole issue on appeal is the interpretation of A.R.S. § 33–1004(D). Carlson argues that the trial court misinterpreted the statute and, as a result, Alliance's lawsuit was untimely.

¶ 7 Summary judgment may be granted when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c). We review whether the trial court properly applied the law de novo. *Eller Media Co. v. City of Tucson*, 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000). We also review questions of statutory inter-

---

1. We view the facts in the light most favorable to Carlson, the party against whom judgment was entered. *Prince v. City of Apache Junction*, 185 Ariz. 43, 45, 912 P.2d 47, 49 (App.1996).

2. The parties stipulated to the dismissal of the quantum meruit/unjust enrichment claim with prejudice.

pretation and construction de novo. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 178, ¶ 5, 181 P.3d 219, 225 (App. 2008). When interpreting a statute, "[w]e look first to the plain language of the statute as the most reliable indicator of its meaning." *Nordstrom, Inc. v. Maricopa County*, 207 Ariz. 553, 556, ¶ 10, 88 P.3d 1165, 1168 (App. 2004) (quoting *State v. Mitchell*, 204 Ariz. 216, 218, ¶ 12, 62 P.3d 616, 618 (App.2003)). We read the statute as a whole and give meaningful operation to all of its provisions, ensuring an interpretation that does not render meaningless other parts of the statute. *Welch–Doden v. Roberts*, 202 Ariz. 201, 206, ¶ 22, 42 P.3d 1166, 1171 (App.2002).

¶ 8 After a lien is recorded, a lien claimant has six months to file suit. A.R.S. § 33–998(A) (2007). The lien-discharge statute, A.R.S. § 33–1004, allows property owners to discharge a lien against their property by securing a surety bond in an amount equal to one hundred fifty percent of the lien claim. *Hanson Aggregates Ariz., Inc. v. Rissling Const. Group, Inc.*, 212 Ariz. 92, 94, ¶ 7, 127 P.3d 910, 912 (App.2006). The bond can be recorded "either before or after the commencement of an action to foreclose such lien." A.R.S. § 33–1004(A). Once the bond is recorded, "the lien is discharged and the claimant must pursue the bond for the lien payment as opposed to foreclosing on the property subject to the lien." *Hanson Aggregates*, 212 Ariz. at 94, ¶ 7, 127 P.3d at 912 (citations omitted).

¶ 9 Here, Alliance recorded its lien on September 10, 2008, but did not file suit until May 1, 2009; more than the statutorily allowed six months. Alliance argues, and the trial court agreed, that § 33–1004(D)(2) extended the limitations period. Section 33–1004(D) states:

The bond shall be discharged and the principal and sureties released upon any of the following:

1.  The failure of the lien claimant to commence a suit within the time allowed pursuant to section 33–998.

2.  Failure of the lien claimant to name the principal and sureties as parties to the action seeking foreclosure of the lien if a copy of the bond has been served upon claimant. If the bond is served upon the claimant within less than ninety days from the date claimant would be required to commence his action pursuant to section 33–998, the claimant shall have ninety days from the date he receives a copy of such bond to add the principal and the sureties as parties to the lien foreclosure suit.

¶ 10 The first sentence of subsection (D)(2) provides that the bond will be discharged and the principal and sureties released if the principal and sureties are not named in the lawsuit. The principal and sureties are released because the claimant must pursue the bond rather than foreclosing on the property subject to the lien once the bond is recorded. *See Hanson Aggregates*, 212 Ariz. at 94, ¶ 7, 127 P.3d at 912. The second sentence in § 33–1004(D)(2) gives a claimant "ninety days from the date of service of the bond to *add* the principal and the sureties *as parties to the lien foreclosure suit*" if the bond is served within less than ninety days from the date claimant must file suit. (Emphasis added.) Black's Law Dictionary defines "add" to mean "[t]o unite; attach; annex; join." Black's Law Dictionary 37 (6th ed. 1990). Webster's Dictionary defines "add" as "[t]o unite or join so as to increase in size, quantity, or scope" or "[t]o combine." Webster's II New College Dictionary 13 (1995).

¶ 11 Alliance suggests that the word "add" should not be read literally, but instead subsection (D)(2) should be read in its fullest content to mean "the claimant '*shall*' have ninety days to *bring suit* against the principal and sureties." (Emphasis added.) To support its argument, Alliance relies heavily on *Hanson Aggregates*. In *Hanson Aggregates*, appellee failed to serve appellant with a copy of the bond after it was recorded. 212 Ariz. at 93, ¶ 3, 127 P.3d at 911. When appellant filed suit against the lien-discharge bond, appellee moved to dismiss arguing that the bond was discharged because appellant failed to commence its suit against the discharge bond within six months of recording the lien. *Id.* at 93–94, ¶ 4, 127 P.3d at 911–12. This court held that § 33–1004(F) allows a claimant on a bond additional time to commence an action if the claimant is not served

with the bond as the statute requires.[3] *Id.* at 94, ¶ 10, 127 P.3d at 912. The court reasoned that the filing of the bond discharges the lien whether the claimant is aware of the bond or not, and consequently, the bond principal would have little reason to serve the lien claimant absent a motivation to do so. *Id.* at 95, ¶ 13, 127 P.3d at 913. The court's only mention of subsection (D)(2) occurred in its discussion on service compliance. It stated that "the statute also affords a claimant, once served with the bond, ninety days after being served with a discharge bond to bring a claim against the bond principals and sureties," citing subsections (C) and (D)(2). *Id.* at ¶ 17. This language was dicta, and subsection (D)(2) was not at all central to the court's analysis and discussion. Accordingly, we do not find it controlling for our purposes here.

■ ¶ 12 The plain language of § 33–1004(D)(2) does not grant a claimant an additional ninety days to *file* its lawsuit, but allows an additional ninety days to amend any complaint to *add* the principal and sureties. We note the trial court's concern that our holding would "foster [ ] mischief" by encouraging property owners to "wait five months and twenty-nine days to record and then serve the discharge bond on the claimant." However, if a claimant waits five months and twenty-nine days and then files suit, the statute gives the claimant ninety days from service of the bond in which to add the principal and sureties. The statute provides claimants who timely file a lawsuit the opportunity to amend the complaint after service of a surety bond. By means of the statutory language it has chosen, the Legislature has ensured that claimants who have timely commenced lien enforcement actions the opportunity to amend to allow suit on a surety bond. "[W]e are 'not at liberty to rewrite statutes under the guise of judicial interpretation.'" *New Sun Bus. Park, LLC v. Yuma County*, 221 Ariz. 43, 47, ¶ 16, 209 P.3d 179, 183 (App.2009) (quoting *State v.*

*Patchin*, 125 Ariz. 501, 502, 610 P.2d 1062, 1063 (App.1980)); *Prince & Princess Enters., LLC v. State ex rel. Ariz. Dep't of Health Servs.*, 221 Ariz. 5, 6, ¶ 5, 209 P.3d 141, 142 (App.2008) (there is usually no occasion for resorting to statutory interpretation when the language is clear and unambiguous).

¶ 13 Alliance did not timely file its action, and the lien and bond claim were already discharged as a matter of law before this action was filed. Therefore, we reverse the ruling and remand this matter to the court to enter judgment for Carlson.

¶ 14 Both parties request their reasonable attorneys' fees and costs on appeal pursuant to A.R.S. §§ 33–998(B) and 1004(E). We have considered the appropriate factors, and, in the exercise of our discretion, we decline to award attorneys' fees. As the prevailing party, Carlson is entitled to recover its costs on appeal pursuant to A.R.S. § 12–341 upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶ 15 Based on the foregoing, the judgment is reversed and the matter is remanded so the trial court can enter judgment for Carlson.

CONCURRING: MAURICE PORTLEY and JOHN C. GEMMILL, Judges.

---

3. Section 33–1004(F) provides:
   In the event a copy of the bond is not served upon the claimant as provided in subsection C of this section, the claimant shall have six months after the discovery of such bond to commence an action thereon, except that no action may be commenced on such bond after two years from the date it was recorded as provided in this section.