NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. SHEILA SULLIVAN POLK,
Yavapai County Attorney, *Petitioner*,

*v.*

THE HONORABLE TINA R. AINLEY, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of YAVAPAI,
*Respondent Judge*,

DANIEL NEWTON HEAD,
*Real Party in Interest*.

No. 1 CA-SA 15-0110
FILED 10-29-2015

Petition for Special Action from the Superior Court in Yavapai County
No. P1300CR201400418
The Honorable Tina R. Ainley, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Robert J. Johnson
*Counsel for Petitioner*

Law Office of David Michael Cantor, PC, Phoenix
By Michael Alarid, III
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R**, Judge:

**¶1**         The State seeks special action relief from the superior court's order regarding the sentencing range available for the crime of knowingly engaging in prostitution with a police officer posing as a minor who is 15, 16, or 17 years old.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3212(B)(2) (Supp. 2014).[1]  Daniel Newton Head was indicted for allegedly soliciting two undercover police officers for sex after the officers represented they were each 16 years old.  In light of our decision in *State v. Campbell (Kraps)*, 1 CA-SA 15-0107, 2015 WL 4626844 (Ariz. App. Aug. 4, 2015), we hold an individual convicted under A.R.S. § 13-3212(B)(2) for engaging in prostitution with a police officer posing as a 16-year-old, is sentenced as a class 2 felony subject to the sentencing enhancements in A.R.S. § 13-3212(G). Accordingly, we accept special action jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         In a sting operation, police officers posed as 16-year-olds in online advertisements and offered to engage in sexual conduct for money. Head allegedly called the "minors," they told him they were 16 years old, and he ultimately agreed to meet them at a Prescott hotel room.  At that meeting, Head allegedly offered them money for sex.  After his arrest, Head was indicted on two class 2 felony charges of child prostitution under A.R.S. § 13-3212(B)(2).  Head sought clarification of the applicable sentencing range, and the superior court held that the enhanced sentence provided by A.R.S. § 13-3212(G) required the other person to actually be 15, 16, or 17 years old.  The court stayed its ruling while the State sought special action

---

[1] The legislature has revised the statute effective July 24, 2014.  This case concerns A.R.S. § 13-3212, as it was in effect from July 20, 2011 to July 23, 2014.  *See generally State v. Campbell (Kraps)*, 1 CA-SA 15-0107, 2015 WL 4626844, at *1 n.1, ¶ 1 (Ariz. App. Aug. 4, 2015) (quoting version of A.R.S. § 13-3212 in existence from July 20, 2011 to July 23, 2014).

relief. While the State's petition was pending, we held this matter in abeyance until we could decide the identical issue in *Campbell*, 2015 WL 4626844, at *1, ¶ 5. Once *Campbell* was decided, we asked all parties to address the applicability of *Campbell* to this action.

## JURISDICTION

**¶3**        Special action jurisdiction is available when there is no other equally plain, speedy or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is appropriately invoked when there is an issue of statewide importance. *See State v. Bernini (Lopez)*, 230 Ariz. 223, 225, ¶ 5, 282 P.3d 424, 426 (App. 2012) (determining special action jurisdiction appropriate in case involving pure issue of law that had arisen at least twice within several months); *State ex rel. Romley v. Martin*, 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App. 2002) ("Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again."), *aff'd on other grounds*, 205 Ariz. 279, 69 P.3d 1000 (2003). Given the reoccurring nature of this type of case, to avoid conflicting decisions by the superior court, and given the serious nature of child prostitution, we accept jurisdiction.

## DISCUSSION

**¶4**        The issue presented is whether the enhanced sentencing provisions in A.R.S. § 13-3212(G) that apply to convictions based on engaging in prostitution with minors who are age 15, 16, or 17 also apply to convictions for engaging in prostitution with adult police officers posing as minors of those same ages. This is an issue of statutory construction which we review de novo. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). In construing statutes, statutory language is "the best and most reliable index of a statute's meaning." *State v. Cramer*, 192 Ariz. 150, 152, ¶ 10, 962 P.2d 224, 226 (App. 1998) (internal quotation marks and citation omitted). We construe statutes in a practical, common-sense manner so as to fulfill the legislative intent and avoid absurd results. *See* A.R.S. § 1-211 (2002); *State v. Cornish*, 192 Ariz. 533, 537, ¶ 16, 968 P.2d 606, 610 (App. 1998) ("Courts will apply constructions that make practical sense rather than hypertechnical constructions that frustrate legislative intent."); *State v. Flores*, 160 Ariz. 235, 239, 772 P.2d 589, 593 (App. 1989) ("In construing a statute, courts should give the statute a sensible construction which will accomplish legislative interest and purpose, and which will avoid absurd results."). Whenever possible, we will give meaningful operation to all of the statutory provisions. *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

**¶5**          In *Campbell,* we held that the enhanced sentencing provisions in A.R.S. § 13-3212(G) apply when the defendant is led to believe that the other person is 15, 16, or 17 years old even though the other person is an adult police officer posing as 15, 16, or 17 years old.  2015 WL 4626844, at *4, ¶ 13.  Head argues that *Campbell* was wrongly decided.  The State argues that *Campbell* was correctly decided and controls the result in this case.  We agree with the State, adopt the reasoning in *Campbell*, and reaffirm the holding in *Campbell*.

**¶6**          The crime at issue is "[e]ngaging in prostitution with a minor who the person knows is fifteen, sixteen or seventeen years of age."  A.R.S. § 13-3212(B)(2).  As in *Campbell*, we conclude "the statutory language is clear: Subsection (B)(2) crimes must be punished under Subsection (G)" when the defendant engages in prostitution knowing the other person is age 15, 16, or 17, even if the other person is in fact an adult police officer.  2015 WL 4626844, at *4, ¶ 13.  The plain language of Subsection (G) provides: "If the minor is fifteen, sixteen or seventeen years of age, child prostitution pursuant to subsection A *and subsection B, paragraph 2 of this section is a class 2 felony, the person convicted shall be sentenced pursuant to this section and the person is not eligible for . . . release . . . ."*  (Emphasis added.)  A defendant knows the person is 15, 16, or 17 years old if "with respect to . . . a circumstance described by a statute defining an offense . . . a [defendant] is aware or believes that the . . . circumstance exists," A.R.S. § 13-105(10)(b) (Supp. 2015).[2]

**¶7**          Head argues that *Campbell* was wrongly decided because, in his view, we emphasized the wrong statutory language.  Rather than focusing on the sentence applicable to a violation of A.R.S. § 13-3212(B)(2), *see supra* emphasized language ¶ 6, Head argues we should focus on the conduct that triggers the increased penalty.  Thus, according to Head, because A.R.S. § 13-3212 consistently refers to the term "minors," and Subsection (C) only precludes a defense for a defendant if the other person is a police officer posing as a minor age 15, 16, or 17, the legislature must have intended that the enhanced sentencing provisions in Subsection (G) be limited solely to true minors age 15, 16, or 17.

**¶8**          We agree with the result and reasoning in *Campbell*.  If we were to adopt Head's argument we would be rewriting A.R.S. § 13-3212(G) to add a final sentence that the legislature did not include: "If the minor is fifteen, sixteen or seventeen years of age, child prostitution pursuant to

---

[2] We cite the current version of the applicable statute because no revisions material to this decision have occurred.

subsection A and subsection B, paragraph 2 of this section is a class 2 felony, the person convicted shall be sentenced pursuant to this section and the person is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed by the court has been served or commuted. The presumptive term may be aggravated or mitigated within the range under this section pursuant to § 13-701, subsections C, D and E. [*These sentencing provisions do not apply if the person is not in fact a minor, but rather a police officer posing as a minor.*]" (Additional language shown in brackets and italics.)[3]  We will not rewrite a statute "under the guise of judicial interpretation." *Alliance TruTrus, L.L.C. v. Carlson Real Estate Co.*, 229 Ariz. 84, 87, ¶ 12, 270 P.3d 911, 914 (App. 2012).

**¶9**         Head also argues that *Campbell* incorrectly distinguished *State v. Regenold*, 227 Ariz. 224, 226, ¶ 4, 255 P.3d 1028, 1030 (App. 2011), and *State v. Villegas*, 227 Ariz. 344, 345, ¶ 3, 258 P.3d 162, 163 (App. 2011). We disagree.  *Campbell* succinctly explained that those cases dealt with a different and distinguishable statute, luring a minor for sexual exploitation, A.R.S. § 13-3554 (Supp. 2014).  2015 WL 4626844, at *2, ¶¶ 7-8.

**¶10**         Finally, Head argues *Campbell* misinterpreted *State v. Hazlett,* 205 Ariz. 523, 73 P.3d 1258 (App. 2003). *Hazlett* is distinguishable from the issues here.  In *Hazlett*, we upheld the constitutionality of Arizona's sexual exploitation of minors statute, A.R.S. § 13-3553 (Supp. 2002), in the context of child pornography. 205 Ariz. at 531, ¶ 29, 73 P.3d at 1266.  We held that the statute was not constitutionally overbroad because its reference to minors in such pornography was limited to actual minors as opposed to simulations. *Id.* at 526, ¶ 7, 73 P.3d at 1261.  We pointed out that a different statute in the same scheme expressly defined a "minor" as a person "under the age of eighteen of years of age at the time [the pornography] was created, adapted or modified," and that the general definitional statute in the criminal code defined "person . . . as a human being." *Id.* at 527, ¶ 9, 73 P.3d at 1262 (quoting A.R.S. §§ 13-3551 (Supp. 2002) and -105(26) (2001)). The child pornography statutes at issue in *Hazlett* did not preclude a

---

[3] Head argues that under *Campbell,* we are essentially rewriting Subsection (G) to read: "If the minor is fifteen, sixteen or seventeen years of age, [*or the peace officer is posing as a minor* who is fifteen, sixteen or seventeen years of age] . . . ."  (Additional language shown in brackets and italics.)  Our holding in *Campbell* and our conclusion here do not rewrite the statute. They give effect to the legislative intent that the reference to "minor" throughout the statute refers to either a minor or a police officer posing as a minor who is 15, 16, or 17 years old.

defense that the person in the depiction was an adult, but only provided that if the person in the depiction was represented to be a minor, the finder of fact may draw an inference that the person was a minor. *Id*. at 529, ¶ 16, 73 P.3d at 1264 (citing A.R.S. § 13-3556 (2010)). Since the statutes at issue in *Hazlett* have no counterpart to A.R.S. § 13-3212(C), the *Hazlett* analysis does not apply here.

¶11 For all of the foregoing reasons, we agree with *Campbell* and hold that Subsection (G) is the appropriate sentencing regime for all Subsection (B)(2) crimes. When the defendant knowingly seeks out a minor for prostitution purposes, the defendant, if convicted, is subject to the enhanced sentencing provisions of Subsection (G) even if the "victim" is an adult undercover police officer.

**CONCLUSION**

¶12 For the reasons stated, we accept special action jurisdiction and grant relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama